# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CALVIN C. CALDWELL, JR.,** | ) | **CASE NO. 1: 14 CV 2732** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF** | ) | |
| **AMERICA,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

*Pro se* Petitioner Calvin C. Caldwell, Jr., is a state prisoner incarcerated in the Mansfield Correctional Institution. He has filed this federal mandamus action, pursuant to 28 U.S.C. §1361, against the United States of America, the Richland County Court of Common Pleas, and the late Richland County Prosecutor James Mayers, Jr. He seeks to proceed *in forma pauperis*. (Doc. Nos. 2, 4.) Petitioner's motion to proceed *in forma pauperis* is granted. For the reasons stated below, however, his petition is denied and this action is summarily dismissed pursuant to 28 U.S.C. §1915(e).

The Petitioner alleges that in February 2014, he went to trial and was sentenced to serve 30 months in jail in Criminal Case 13-CR-293 in the Richland County Court of Common Pleas. He alleges that upon being delivered into state custody in the case, he "learned he had 72 days Jail Time Credit" for time he had been held in the Belmont Correctional Institution in connection with a prior

state criminal case in Richland County, 10-CR-535. He contends the Respondents have failed to order that he receive Jail Time Credit for the time he spent in the Belmont Correctional Institution and seeks an order of mandamus from this Court compelling the Respondents to grant him this Jail Time Credit.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996).

Under 28 U.S.C. § 1361, this Court may issue a writ of mandamus only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This Court has no power to issue a writ of mandamus under 28 U.S.C. § 1361 to direct state courts or state officers in the performance of their duties. The Petitioner's complaint, on its face, states no viable claim against the United States or its officers or employees.

Furthermore, the Supreme Court has held that when the application of good time credits necessarily results in the prisoner's "immediate release from physical custody" or "in shortening the length of their actual confinement in prison, habeas corpus [is his] appropriate remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

Accordingly, to the extent the Petitioner disagrees with the Jail Time Credit afforded him, his appropriate remedy is in the Ohio state courts and after exhaustion of state remedies, a petition for a writ of habeas corpus. The Petitioner has no viable claim for mandamus relief pursuant to 28

U.S.C. §1361. This action is accordingly dismissed pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

     IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2015